IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NUPRO INDUSTRIES CORPORATION : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| LEXINGTON INSURANCE COMPANY : | NO. 08-4809 |
| Defendant | |

# MEMORANDUM AND ORDER

**AND NOW**, this 21st day of June, 2010, having considered Defendant's Motion for Summary Judgment (Docket No. 66) (hereinafter "Def. Mot."), Plaintiff's Response in Opposition and Memorandum of Law (Docket No. 74) (hereinafter "Pl. Resp." and "Pl. Mem."), Defendant's Reply Brief (Docket No. 84) (hereinafter "Def. Reply"), and Plaintiff's Sur-Reply in Opposition (Docket No. 91) (hereinafter "Pl. Sur-Reply"), it is hereby **ORDERED** that Defendant's Motion shall be **DENIED**.

In its Motion, Defendant argues that Plaintiff's submission of its Business Interruption Claim is a condition precedent to filing suit, a condition Plaintiff did not meet such that summary judgment should be granted for Defendant. Def. Mot. ¶ 2. Defendant argues that the Policy's Business Income (and Extra Expense) Coverage Form, by stating that "the following conditions apply in addition to the [. . .] Commercial Property Conditions," requires that any Business Interruption Claim be submitted within the two-year filing requirement identified in the Commercial Property Conditions. Id. ¶¶ 2-4. Since Plaintiff's Business Interruption Claim was not submitted until January 23, 2009, more than two years after the incident, Defendant argues that Plaintiff failed to meet the conditions precedent to filing suit and as such the Court should

1

grant Summary Judgment for Defendant. Id. ¶¶ 5-8, 12-14.

In its Response in Opposition, Plaintiff argues that summary judgment should not be granted for Defendant because the Business Income Coverage Form (and Extra Expense) ("BI Form") does not contain language requiring that a Business Interruption Claim ("BI Claim") be brought within two years of an incident; the BI Form further requires Defendant to provide Plaintiff forms to complete a statement of loss; and Plaintiff "complied with the two year contractual limitations period when it filed suit on October 8, 2008." Pl. Resp. ¶¶ 1-3, 6. Plaintiff states that its delay in submitting its BI Claim was due to the need to base any calculations on audited financial statements, used to ensure a more accurate and conservative claim. Pl. Counterstatement of Undisputed Facts ¶¶ 8-12. In its Memorandum of Law, Plaintiff argues that the submission of a BI Claim is not a condition precedent to filing suit under the Policy; that the Policy does not require the submission of a BI Claim within two years of the loss; that the alleged failure to comply with a condition precedent under one coverage part of the policy does not prohibit recovery under different coverage parts or under Pennsylvania's Bad Faith Statute; and that Defendant waived its affirmative defense that submission of a BI Claim is a condition precedent to filing suit because it had not yet filed an Answer to the Complaint or issued a denial letter. Pl. Mem. at 2-3.

In Defendant's Reply Brief and Plaintiff's Sur-Reply, the parties dispute how and whether Bowerstock Truck Sales and Service, Inc. v. Harco National Ins. Co., 209 F.3d 273 (3d Cir. 2000) controls the issue of the submission of a BI Claim after the passage of a contractual limitations period and the commencement of litigation on an insurance contract. See generally Def. Reply and Pl. Sur-Reply. Defendant also disputes many of Plaintiff's factual assertions,

2

including whether Defendant requested a BI Claim, whether Defendant delayed in any way such that Plaintiff was unable to repair or replace the fire-damaged buildings, whether Plaintiff lacks storage capacity to purchase materials and maintain inventory in the manner it did before the fire, whether Plaintiff was unwilling or unable to submit its BI Claim prior to January 23, 2009, and whether Plaintiff supplied documentation required for the examination and calculation of its BI Claim. See generally Def. Counterstatement of Undisputed Facts, attached as Ex. 1 to Def. Reply.

Summary "judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(1)(C)(2). "A fact is 'material' if proof of its existence or non-existence might affect the outcome of the litigation and a dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" 3039 B Street Associates, Inc. v. Lexington Ins. Co., — F. Supp. 2d —, 2010 WL 1802045, at *1 (E.D. Pa. May 3, 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to 'do more than simply show there is some metaphysical doubt as to the material facts.'" Colella v. State Farm Fire & Cas. Co., 2010 WL 1254318, at *2 (E.D. Pa. Mar. 30, 2010) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Here, the Commercial Property Conditions of the Policy, attached in its entirety as Exhibit 2 to Plaintiff's Motion for Partial Summary Judgment (Docket No. 69), specifically states that "[n]o one may bring a legal action against us under this Coverage Part unless: (1)

3

[t]here has been full compliance with all of the terms of this Coverage Part; and (2) [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." Policy, Comm'l Property Conditions, CP0090. The Commercial Property Conditions "Coverage Part is subject to . . . the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms." Id. It is not clear from the Policy whether the BI Form is a "Commercial Property Coverage Form" such that the Commercial Property Conditions Coverage Part would be subject to it. However, the BI Form, in its Loss Conditions section, does state that "[t]he following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions." Policy, Business Income Coverage Form (and Extra Expense), CP0030 at 3.

Facially, Defendant's proposed interpretation of the Policy, that the language at the start of the Loss Condition section of the BI Form stating the Commercial Property Conditions apply requires that any BI Claim be submitted within two years, makes sense. However, were it the case that due to the circumstances Plaintiff could not submit its BI Claim before the two years or that the Period of Restoration continued past the two years such that the Claim was not yet ripe for submission, treating the submission as a condition precedent to suit would render the Business Interruption Coverage illusory. See Bowerstock, 209 F.3d at 278 (holding as a matter of law that a two-year period of limitations established under a policy does not apply to a claim for business interruption coverage where such a restriction would render coverage illusory and where the parties course of dealing corroborates this interpretation of the policy). The Parties offer dramatically different accounts about whether or not Plaintiff could have submitted its BI Claim within the two year time requirement, notably Plaintiff asserts it could not submit its BI

Claim absent audited financial statements, Pl. Counterstatment of Undisputed Facts ¶¶ 8-12, and Defendant asserts that the BI Claim should have been submitted as early as February 4, 2008. D. Mot. ¶9.

    Because it remains unclear whether Plaintiff could have brought its claim within the contractual two year limitations period, Defendant's motion is **DENIED**.

BY THE COURT:


**_/s/ L. F. Restrepo_____**
L. Felipe Restrepo
United States Magistrate Judge