IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NUPRO INDUSTRIES CORPORATION | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LEXINGTON INSURANCE COMPANY | : | NO. 08-4809 |
| Defendant | | |

# MEMORANDUM AND ORDER

**AND NOW**, this 21st day of June, 2010, having considered Plaintiff's Motion to Strike Affirmative Defenses of Defendant (Docket No. 85, hereinafter "Pl. Br.") and Defendant's Response in Opposition thereto (Docket No. 88, hereinafter "Def. Br."), it is hereby **ORDERED** that Plaintiff's Motion shall be **GRANTED** in part and **DENIED** in part.

Defendant asserted twenty-one Affirmative Defenses in its January 8, 2010 Answer to Plaintiff's Amended Complaint (Docket No. 76). Plaintiff moved to strike ten of these asserted Affirmative Defenses and to dismiss two others as a matter of law. The Defenses that Plaintiff seeks to strike or dismiss are:

(1) "The Complaint fails to state a claim upon which relief can be granted."

(4) "Lexington continuously and specifically reserved all of its rights under the insurance policy in writing [to Nupro]."

(6) "Nupro has failed to mitigate its damages."

(7) "Nupro has failed to state a claim payable under the Policy."

(8) ". . . Nupro failed to comply with the Policy's terms and conditions requiring cooperation and failed or refused to cooperate with Lexington's legitimate requests for material

1

information necessary to evaluate the claim."

(9) "Nupro failed and refused to submit its Business Interruption Claim, despite numerous and repeated requests for it, until after the two-year contractual limitations period had expired and after it filed suit."

(11) "[. . .] Nupro failed to comply with all conditions precedent under the policy before it filed suit. Lexington offered to toll the suit limitation period in the Policy, but Nupro choose (sic) to reject that offer and instead file suit."

(13) "Nupro's failure to comply with the Policy's terms and conditions caused substantial prejudice to Lexington."

(14) "Nupro's claims are excluded or limited by certain terms, exclusions, conditions and/or limitations contained in the Policy."

(19) "Plaintiffs' claims are barred by the doctrine of accord and satisfaction."

(20) "Plaintiffs' claims for equitable relief are barred by the doctrine of laches."

(21) "Plaintiffs' claims for equitable relief are barred by the doctrine of unclean hands."
Pl. Br. at 4, 8-12.

Plaintiff argues that eight of Defendant's Affirmative Defenses (4, 6, 9, 11, 14, 19, 20, 21) should be stricken because of the prejudice to Plaintiff resulting from the assertion of the defenses so late in the litigation, specifically after the close of the discovery period. Of those eight, Plaintiff further argues that two of them (9, 11) echo Defendant's arguments in its Motion for Summary Judgment and entirely lack legal basis. Plaintiff argues another two of the Affirmative Defenses (1, 7) should be stricken because they raise arguments that were already denied in the Court's denial of Defendant's Motion to Dismiss. Finally, Plaintiff argues that two

Affirmative Defenses regarding Plaintiff's failure to comply with the contractual duty to cooperate with the investigation and the prejudice that resulted to Defendant (8, 13) should be dismissed as a matter of law.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike help to eliminate insufficient defenses, saving time and money that would otherwise be spent litigating issues that would not affect a case's outcome. United States v. Union Gas Co., 743 F. Supp. 1144, 1150 (E.D.Pa. 1990). "Motions to strike, however, are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." North Penn Transfer, Inc. v. Victaulic Co. of America, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (internal quotations removed). A motion to strike should not be granted "unless the insufficiency of the defense is clearly apparent." Synthes v. Globus Medical, Inc., 2007 WL 1001587, at *1 (E.D. Pa. Mar. 29, 2007). "An affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances . . ., and the moving party is prejudiced by the presence of the allegations in the pleading." Id. Further, "[a] motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. Even when the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." North Penn Transfer, 859 F. Supp. at 159 (citations removed); see also U.S. v. Acorn Technology Fund, 2006 WL 237506, at *4 (E.D. Pa. Jan. 31, 2006) (noting "a motion to strike should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law.").

Though Plaintiff presents them in three sections, a theme of its arguments as to why Affirmative Defense Nos. 4, 6, 9, 11, 14, 19, 20, and 21 should be stricken is the late juncture at which they were raised (after the close of the discovery period), and the resulting prejudice to Plaintiff's ability to show these defenses lack merit. Plaintiff supports its arguments with cases that address "whether a defendant has waived his right to assert an affirmative defense through their non-inclusion in a responsive pleading." Pl. Br. at 5, n.7. As Plaintiff acknowledges, here Defendant included the defenses in its responsive pleading. Id. As Plaintiff does not allege Defendant's Answer was filed untimely, the Court cannot grant Plaintiff's Motion to Strike these defenses on the basis of timing. See Gleeson v. Prevoznik, 253 Fed. App'x 176, 179-80 (3d Cir. 2007) (affirming the denial of a motion to strike a limitations defense and noting "[t]he complicated procedural posture of this case . . . resulted in this unusual timing). Accordingly, Plaintiff's Motion to Strike Affirmative Defense Nos. 6, 14, 19, 20, and 21 is **DENIED**.

Plaintiff presents alternative arguments as to why Affirmative Defense Nos. 4, 9, and 11 should be stricken. As to Affirmative Defense No. 4, that Defendant "continuously and specifically reserved all of its rights under the insurance policy in writing," Plaintiff appears to be arguing that Defendant has never specifically identified which policy defenses are included within this reservation of rights, such that Plaintiff is prejudiced in its ability to develop an argument that Defendant's Affirmative Defense has no merit. Pl. Br. at 8-9. Defendant responds that Plaintiff has no legal support for its position. Def. Br. at 10-11. As to Affirmative Defense Nos. 9 (failure to submit a Business Interruption Claim before two-year limitations period) and 10 (failure to comply with conditions precedent to suit), Plaintiff argues that Defendant raises these issues in its Motion for Summary Judgment and should be stricken because they have no

4

merit as a matter of law. Pl. Br. at 9-11. Defendant responds that should its Motion for Summary Judgment be granted, these defenses are moot, and should it be denied, there are issues of fact such that these defenses are still viable. Def. Br. at 11. Because the three issues of whether and to what extent Defendant reserved its rights under the policy, whether and how Plaintiff submitted its Business Interruption claim, and whether and to what extent Plaintiff complied with the Policy's conditions precedent to filing suit are disputed issues of fact and implicate disputed issues of law, it is inappropriate for the Court to strike these defenses at this time. See North Penn Transfer, Inc., 859 F. Supp. at 159. Accordingly, Plaintiff's Motion to Strike Affirmative Defense Nos. 4, 9, and 11 is **DENIED**.

Plaintiff argues that Defendant's Affirmative Defense No. 1, "[t]he Complaint fails to state a claim upon which relief can be granted" and No. 7, "Nupro has failed to state a claim payable under the Policy" should be stricken because they were already argued in Defendant's Motion to Dismiss, which was denied. Pl. Br. at 11-12. Defendant responds that the Motion to Dismiss was denied due to an existing question of fact rather than as a matter of law; that the Motion to Dismiss was premised on Nupro's alleged failure to cooperate, distinct from a failure to state a claim; and that failure to state a claim payable under the policy (defense no. 7) was not addressed in its Motion to Dismiss such that defenses one and seven should not be stricken. Def. Br. at 11-12. "Defendant['s] argument that the Court did not consider each of its stated bases for Rule 12(b)(6) dismissal is unpersuasive in this instance. The Court made a legal determination that Plaintiff['s] complaint stated a claim for relief." Trustees of the Local 464A United Food and Commercial Workers Union Pension Fund, et al., v. Wachovia Bank, N.A., et al., 2009 WL 4138516, at *2 (D.N.J. Nov. 24, 2009) (granting a motion to strike an affirmative defense for

failure to state a claim where the Court had already denied the motion to dismiss of the party asserting the defense). Because the Court denied Defendant's Motion to Dismiss (Docket No. 61), Plaintiff's Motion to Strike Affirmative Defense No. 1 is **GRANTED**. Whether Plaintiff stated a claim payable under the terms of the contract remains a central issue in this litigation, and accordingly Plaintiff's Motion to Strike Affirmative Defense No. 7 is **DENIED**.

Lastly, Plaintiff argues that the Affirmative Defenses that it "failed to comply with the Policy's terms and conditions requiring cooperation and failed or refused to cooperate with Lexington's legitimate requests for material information necessary to evaluate the claim" (No. 8) and that its "failure to comply with the Policy's terms and conditions caused substantial prejudice to Lexington" (No. 13) should be dismissed as a matter of law because Defendant cannot establish that Plaintiff failed to cooperate or that Defendant suffered any prejudice. Pl. Br. at 13-14. Defendant responds first that Plaintiff's position contradicts its argument in responding to the Motion to Dismiss that the issue of an insured's duty to cooperate is a matter of fact for the factfinder and second that Plaintiff's argument fails because there are genuine issues of material fact with respect to Plaintiff's cooperation such that it would be inappropriate for the Court to grant Plaintiff's motion. Def. Br. at 12-17.

Regarding Defendant's first argument, Defendant argued in its Motion to Dismiss (Docket No. 29-1) that Plaintiff failed to cooperate with Defendant's requests for information. Id. In its Response in Opposition (Docket No. 30), Plaintiff responded to that by arguing that "fail[ure] to cooperate in the adjustment and submission of its claim is a question of fact, not properly raised through a Motion to Dismiss, but rather must be determined by the jury." Id. at 5. Notably, Plaintiff quoted Ania v. Allstate Insurance Co., 161 F. Supp. 2d 424, 427 (E.D. Pa.

6

2001), for the proposition that if the evidence on the record is ambiguous, the question of an insured's breach of a duty to cooperate is a question of fact for the factfinder. Id. Contrary to Defendant's argument that Plaintiff appears to be making a volte-face in its position on whether the issue is one for the factfinder or not, see Def. Br. at 12-15, it appears to the Court that Plaintiff instead argues in its Motion to Strike that discovery has revealed the evidence is unambiguous such that the Court should strike Affirmative Defense Nos. 8 and 11 as a matter of law. See Pl. Br. at 12-16.

The court should strike an affirmative defense when it is clearly apparent that the defense cannot succeed under any circumstances as a matter of law. See Synthes, 2007 WL 1001587, at *1. "In Pennsylvania, a breach of an insured's duty to cooperate with an insurance investigation may relieve the insurer from liability if the failure is substantial and has caused the insurer to suffer prejudice." Murphy v. Federal Ins. Co., 2006 WL 156944, at *4 (E.D. Pa. Jan. 18, 2006). Plaintiff argues that given the unambiguous evidence, Defendant cannot prove that Plaintiff breached its duty to cooperate with the investigation and that this failure to comply with the terms and conditions of the Policy caused Defendant substantial prejudice, such that Affirmative Defense Nos. 8 and 13 should be stricken as a matter of law. Pl. Br. at 12-16. In support of its argument, Plaintiff identifies as unambiguous evidence of its cooperation and of the lack of prejudice to Defendant the five document productions it made to Defendant, the provision of Plaintiff's Business Interruption Claim on January 23, 2009, the inability of Mr. Robichaud to "specifically identify any failure to cooperate on [Plaintiff]'s part," the inability of both Mr. Robichaud and Mr. Sproul to specifically identify "prejudice or disadvantage suffered by Defendant with regard to [Plaintiff]'s purported failure to cooperate. Id. Defendant responds

7

that issues of fact remain such that it could demonstrate Plaintiff failed to cooperate with the investigation and that Defendant was prejudiced by this failure. Def. Br. at 16-17. Specifically, Defendant notes that three of the five document productions occurred only after Plaintiff filed suit, a delay which Defendant argues could lead a jury to find that Plaintiff failed to cooperate. Id. at 17. Defendant supports its argument with reference to the report of its expert, John Morgan, in which the expert "offers the opinion that [Plaintiff] failed to cooperate and that its failure to cooperate caused prejudice to Lexington." Id. Although not rigorous, there appear to ambiguities in the evidence such that the determination of whether Plaintiff breached its duty to cooperate with the investigation and whether Defendant was prejudiced by this failure to comply with the Policy's terms and conditions should be performed by the jury. Ania, 161 F. Supp. 2d at 427. Accordingly, Plaintiff's Motion to Strike Affirmative Defense Nos. 8 and 13 is **DENIED**.

BY THE COURT:


**_/s/ L. F. Restrepo_____**
L. Felipe Restrepo
United States Magistrate Judge