IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NUPRO INDUSTRIES CORPORATION | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LEXINGTON INSURANCE COMPANY | : | NO. 08-4809 |
| Defendant | | |

# MEMORANDUM AND ORDER

**AND NOW**, this 21st day of June, 2010, having considered Plaintiff's Motion for Partial Summary Judgment and Memorandum of Law (Docket No. 69) (hereinafter "Pl. Mot." and "Pl. Mem."), Defendant's Response in Opposition and Memorandum of Law (Docket No. 79) (hereinafter "Def. Resp." and "Def. Mem."), and Plaintiff's Reply Brief (Docket No. 93) (hereinafter "Pl. Reply"), it is hereby **ORDERED** that Plaintiff's Motion shall be **GRANTED** in part and **DENIED** in part.

It its Motion and supporting Memorandum, Plaintiff argues that summary judgment should be granted to Plaintiff on its claims that Defendant breached the Policy by failing to pay the Actual Cash Value ("ACV") for Buildings 12 and 13, by failing to pay the amount due for Extra Expense II, and by failing to pay for the expenses Plaintiff accrued in relation to demolishing and attempting to replace Building 16. As such, Plaintiff argues that the Court should find Plaintiff is entitled to the undisputed minimum amount due for the ACV of Buildings 12 and 13 ($858,536.58), the undisputed minimum amount due for Extra Expense II ($46,002.83), and the costs incurred by Plaintiff in reliance upon the Building 16/Temporary Warehouse Agreement ($406,770.00). Plaintiff further argues that summary judgment should be

1

granted on its claim that Defendant committed bad faith as a matter of law in adjusting Plaintiff's claim. See generally Pl. Mem.

Summary "judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(1)(C)(2). "A fact is 'material' if proof of its existence or non-existence might affect the outcome of the litigation and a dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" 3039 B Street Associates, Inc. v. Lexington Ins. Co., — F. Supp. 2d —, 2010 WL 1802045, at *1 (E.D. Pa. May 3, 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to 'do more than simply show there is some metaphysical doubt as to the material facts.'" Colella v. State Farm Fire & Cas. Co., 2010 WL 1254318, at *2 (E.D. Pa. Mar. 30, 2010).

In arguing and opposing whether summary judgment should be granted because Defendant allegedly breached the Policy by refusing to pay ACV for the demolished Buildings 12 and 13, the Parties offer different interpretations of the Policy, specifically of the role that Endorsement Nos. 13 and 15 play in relation to the Building and Personal Property Coverage Form. See Pl. Mem. at 4-12; Def. Mem. at 3-13. Endorsement No. 13, "Ordinance or Law Coverage," states in relevant part: "If a Covered Cause of Loss occurs to covered Building property, we will pay (1) for loss or damage caused by enforcement of any ordinance or law that (a) requires the demolition of parts of the same property not damaged by a Covered Cause of loss." Policy, Endorsement No. 13, attached as Ex. 2 to Pl. Mot. The Endorsement clarifies the

bounds of payment if the property is either repaired or replaced or if the property is not repaired or replaced on the same premises, stating that Defendant will not pay more than the amount actually spent both to demolish and clear the site and the amount spent or the cost to repair or replace the property. Id.

Because Endorsement No. 13 is for ordinance or law coverage, coverage which is specifically excluded in the Policy's Causes of Loss, Plaintiff argues the Endorsement serves as an extension of the Building and Personal Property Coverage Form such that any actions taken due to the enforcement of a law or an ordinance forces repayment to be made consistent with the terms of the Building and Personal Property Coverage Form, i.e. that ACV must be paid because the Endorsement "modifies" coverage under the Form. See Pl. Mem. at 5-9. Plaintiff also argues that the language of Endorsement No. 15, which deals specifically with Replacement Cost Coverage, does not obviate the responsibility of Defendant to pay ACV for property subjected to a covered cause of loss, but instead provides that Plaintiff could submit an additional claim for the difference in cost between ACV and replacement cost in the event it replaced a building. See id. at 6-7. Similarly, Plaintiff argues that Endorsement No. 13 "sets an upper limit" for what Plaintiff might recover, and does not relieve Defendant of its obligation to pay ACV for buildings demolished due to law or ordinance requirements. Id. at 7-8. In short, Plaintiff argues that Endorsement No. 13 is an expansion and not a replacement of coverage described in the Building and Personal Property Coverage Form, and that Defendant breached the terms of the policy by refusing to pay ACV for Buildings 12 and 13.

Defendant disputes both Plaintiff's interpretation of the Policy and Plaintiff's understanding of what money is owed. In the first instance, Defendant contends that Buildings

12 and 13 were demolished because they were neglected and unsafe, not because they were subject to any fire damage. Def. Mem. at 3. Defendant argues that because the Buildings were not damaged by a covered cause of loss (fire) but instead were an "undamaged part of the property" that was demolished due to "enforcement of the building, zoning or land use law," it is not liable for the ACV of the Buildings. Id. at 3-4, 9. Defendant further asserts summary judgment should not be granted because Plaintiff understood it would only be paid replacement costs in the event it rebuilt, relying upon a letter from Plaintiff's adjuster allegedly admitting awareness that the buildings must be replaced for Defendant to issue payment (the "Wheeler Letter"). Id. at 4. Plaintiff, in its Reply, vigorously contradicts Defendant's description of this letter and its import. Pl. Reply at 1-5.

Among other things, because it is unclear what the parties meant by a "covered cause of loss" and how this term may or may not have been affected by Endorsement No. 13 and because it is unclear whether and how the "Wheeler Letter" captures the understanding of Plaintiff at the time it was written, genuine issues of material fact exist such that summary judgment cannot be granted as to Plaintiff's claims regarding Building Nos. 12 and 13, and Plaintiff's motion with regard to Building Nos. 12 and 13 is **DENIED**.

Plaintiff next argues that summary judgment should be granted on its claim that Defendant breached the Policy because it withheld payment of $46,002.83, Plaintiff's Miscellaneous Extra Expense II Claim. Pl. Mem. at 12-14. While Defendant takes issue with Plaintiff's recitation of the time line of events leading up to the submission of documentation supporting the Miscellaneous Extra Expense II Claim, Defendant does not appear to dispute that Nupro has, in fact, provided documentation in support of this claim. Def. Mem. at 15-16.

Because Defendant does not challenge that these monies are in fact owed Plaintiff, going so far as to explain that the parties negotiated the amount of the Claim after a December 3, 2009 deposition, Plaintiff's Motion for Partial Summary Judgment with regards to its Miscellaneous Extra Expense II Claim is **GRANTED** and the Court hereby **ORDERS** that Defendant shall pay Plaintiff the undisputed amount of $46,002.83 for the Miscellaneous Extra Expense II Claim.

Regarding Plaintiff's third and fourth arguments, that Defendant breached the Policy because it withheld payment of $406,777.00, an allegedly agreed-upon cost resulting from the plan to demolish Building 16 and construct a temporary warehouse, and that Defendant committed bad faith as a matter of law, the Parties present materially different facts and interpretations of the passage of events. As for the demolition of Building 16 and the construction of temporary warehouse space, the Parties dispute the weight and significance of a July 10, 2007 email indicating Defendant was "agreeable" to Plaintiff's intended plan of demolition and temporary warehouse construction, whether and to what extent Defendant withdrew its purported agreement to this project, whether Plaintiff even needed temporary warehouse storage, and whether Plaintiff could have recovered the deposits expended in pursuit of this project. Similarly, the Parties present genuine issues of material fact regarding the bad faith Plaintiff alleges Defendant engaged in. By way of example, the Parties dispute the cause of delays in payment of amounts due, the sufficiency of documentation provided to support submitted proofs of loss, the reasonableness of the opposing party's interpretation of the Policy and its requirements, and the reasonableness of the depreciation calculations used by Defendant. In light of these genuine issues of material fact, *inter alia*, as to Building 16 and the Plaintiff's bad faith claim, Plaintiff's Motion for Partial Summary Judgment as to these claims is **DENIED**.

BY THE COURT:

_L. Restrepo_
L. Felipe Restrepo
United States Magistrate Judge